IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-687-D

| | |
|---|---|
| STRUCTURED FINANCIAL, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| SHONUFF DIGITAL MEDIA, LLC,<br>WILLIAM CHAVIS, and TAMARA<br>CHAVIS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

On December 3, 2024, Structured Financial, LLC ("Structured Financial" or "plaintiff") filed a complaint alleging two breach of contract claims against Shonuff Digital Media, LLC ("Shonuff Digital Media"), William Chavis, and Tamara Chavis (collectively, "defendants") [D.E. 1]. This case concerns defendants' alleged non-payment of a $250,000 promissory note to Structured Financial. See [D.E. 1] Compl. ¶¶ 7–15. On February 3, 2025, William and Tamara Chavis, appearing pro se, moved to dismiss for improper venue and lack of personal jurisdiction [D.E. 13]. See Fed. R. Civ. P. 12(b)(2), (b)(3). On March 6, 2025, Structured Financial responded in opposition [D.E. 23]. As explained below, the court denies William and Tamara Chavis's motion to dismiss.

I.

On September 28, 2023, Shonuff Digital Media executed and delivered a $250,000 promissory note for repayment of a loan to Structured Financial and agreed to pay Structured Financial the $250,000 plus an additional $50,000 not later than October 10, 2023. See Compl. ¶ 7; [D.E. 1-1] 1. William and Tamara Chavis personally guaranteed the loan. See Compl. ¶ 9;

[D.E. 1-3] 1–2. Structured Financial alleges Shonuff Digital Media defaulted on the loan by failing to make necessary payments and that William and Tamara Chavis refused to honor their personal guaranty. See Compl. ¶¶ 10–11. Structured Financial asserts a claim for breach of promissory note against Shonuff Digital Media and breach of personal guaranty against William and Tamara Chavis. See id. at ¶¶ 16–25.

Structured Financial is a limited liability company that is organized and exists under the law of the State of Michigan with its principal office and place of business in Wake County, North Carolina. See id. at ¶ 1. Shonuff Digital Medial is a limited liability company that is organized and exists under the law of the State of Georgia with its principal office and place of business in Fulton County Georgia. See id. at ¶ 2. William Chavis, the purported owner of Shonuff Digital Media, and Tamara Chavis, his wife, are residents of Cobb County, Georgia. See id. at ¶ 3.

II.

William and Tamara Chavis move to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. See [D.E. 13]; Fed. R. Civ. P. 12(b)(3). Venue exists in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . .; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A natural person resides where he is domiciled. See id. at § 1391(c)(1). A collective entity resides in any judicial district where it is subject to the court's personal jurisdiction with respect to the case. See id. at § 1391(c)(2).

Under 28 U.S.C. § 1391(b)(2), courts must focus on "the entire sequence of events underlying the claim" and "should not focus only on those matters that are in dispute or that directly led to the filing of the action." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004); see Uffner v. La Reunion Française, S.A., 244 F.3d 38, 42 (1st Cir. 2001). Although an event need not be in dispute to be considered substantial, it must give rise to the claim. See Mitrano, 377 F.3d at 405–06.

In their motion to dismiss, William and Tamara Chavis argue that venue is improper in the Eastern District of North Carolina because any alleged breach occurred in Georgia. See [D.E. 13] 1. In opposition, Structured Financial argues that venue exists in the Eastern District of North Carolina because a substantial part of the events giving rise to the claims occurred in the district. See [D.E. 23] 2–4.

Here, defendants applied for and accepted a loan from Structured Financial in the Eastern District of North Carolina. From its office in Wake County, Structured Financial provided the loan to the defendants (funded with money from Structured Financial's North Carolina bank accounts) and accepted both the "original promissory note and its subsequent modification in" this district. Id. at 2; see [D.E. 1-1] 1–2; [D.E. 1-3] 1–2. Although the promissory note and guaranty agreement contain Georgia choice of law provisions, neither document contains "a forum selection clause that would limit [Structured Financial's] choice of the forum." [D.E. 23] 3; see [D.E. 1-1] 1–2; [D.E. 1-3] 1–2. Furthermore, the transaction giving rise to this action "was accepted, funded, and was payable" in the Eastern District of North Carolina. [D.E. 23] 4; see Boone v. Equifax Info. Servs., LLC, No. 2:23-CV-46, 2025 WL 43288, at *2 (E.D.N.C. Jan. 7, 2025) (unpublished). Thus, venue is proper in this district.

III.

William and Tamara Chavis also move to dismiss for lack of personal jurisdiction. See [D.E. 13]; Fed. R. Civ. P. 12(b)(2). Personal jurisdiction over a nonresident defendant must comport with North Carolina's long-arm statute and the Fourteenth Amendment's Due Process Clause. See, e.g., Mitrano, 377 F.3d at 406. North Carolina's long-arm statute extends personal jurisdiction over a nonresident defendant consistent with the Fourteenth Amendment's Due Process Clause. See Christian Sci. Bd. of Dirs. v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Thus, the statutory inquiry merges with the constitutional inquiry. See id.; Atl. Corp. of Wilmington, Inc. v. TBG Tech Co., 565 F. Supp. 3d 748, 759 (E.D.N.C. 2021).

Due process requires a defendant to have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984) (alteration and quotations omitted). The minimum contacts analysis considers "the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014) (quotation omitted); see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358–60 (2021); Bristol-Myers Squibb Co. v. Super. Ct., 582 U.S. 255, 264 (2017). This analysis ensures that a defendant is not haled into a court's jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quotations omitted); see Ford Motor Co., 592 U.S. at 359.

The minimum contacts analysis focuses on whether a defendant "purposefully directed his activities at residents of the forum" and whether the causes of action arise out of or relate to those activities. Burger King, 471 U.S. at 472 (quotation omitted); see Ford Motor Co., 592 U.S. at 359; Bristol-Myers Squibb, 582 U.S. at 262; ALS Scan, Inc. v. Digit. Serv. Consultants, Inc., 293 F.3d

4

707, 712 (4th Cir. 2002); Atl. Corp., 565 F. Supp. 3d at 760. If a defendant's contacts with the state are the basis for the counterclaim, specific jurisdiction may exist. See ALS Scan, 293 F.3d at 712. In determining specific jurisdiction, the court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Id. (alteration and quotations omitted). Thus, the "constitutional touchstone" of specific personal jurisdiction "remains whether the defendant purposefully established minimum contacts in the forum State." Burger King, 471 U.S. at 474 (quotation omitted); see Bristol-Myers Squibb, 582 U.S. at 264–66; Walden, 571 U.S. at 284–91.

First, in analyzing the extent to which a defendant purposefully availed itself of the privilege of conducting activities within a State, a court examines "various non-exclusive factors" including:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 352 (4th Cir. 2020) (quotation omitted); see Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009); Atl. Corp., 565 F. Supp. 3d at 760.

Second, the claims must have arisen out of or relate to those activities that the defendant directed at the state. See Ford Motor Co., 592 U.S. at 361–71; UMG Recordings, 963 F.3d at 354–55; Atl. Corp., 565 F. Supp. 3d at 760.

Third, the court must analyze whether the exercise of personal jurisdiction is constitutionally reasonable. See Ford Motor Co., 592 U.S. at 368; Bristol-Myers Squibb, 582 U.S. at 262–65; Burger King, 471 U.S. at 476–78; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); Consulting Eng'rs, 561 F.3d at 279; Atl. Corp., 565 F. Supp. 3d at 760–61. This analysis "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." Consulting Eng'rs, 561 F.3d at 279. Such factors include:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

Id.

Sometimes a non-resident defendant's communications may create personal jurisdiction. "[A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." ALS Scan, 293 F.3d at 714. "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997); see ALS Scan, 293 F.3d at 713–14. "A passive [website] that does little more than make

6

information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." Zippo Mfg., 952 F. Supp. at 1124; see Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 398–401 (4th Cir. 2003); Young v. New Haven Advoc., 315 F.3d 256, 261–63 (4th Cir. 2002); ALS Scan, 293 F.3d at 713–14. Websites or social media profiles that are not specifically tailored for an audience in North Carolina do not support personal jurisdiction in the Eastern District of North Carolina. See, e.g., Carefirst of Md., Inc., 334 F.3d at 398–401; Young, 315 F.3d at 260–63; ALS Scan, 293 F.3d at 712–15 (collecting cases); Epic Games, Inc. v. Shenzhen Tairuo Tech. Co., 593 F. Supp. 3d 233, 239–47 (E.D.N.C. 2022); Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp. 3d 531, 540–44 (M.D.N.C. 2015); Rao v. Era Alaska Airlines, 22 F. Supp. 3d 529, 537–40 (D. Md. 2014); Baumgarten v. Belsky, No. GJH-19-374, 2020 WL 3447753, at *3 (D. Md. June 24, 2020) (unpublished); FireClean, LLC v. Tuohy, No. 1:16-CV-294, 2016 WL 3952093, at *4–7 (E.D. Va. July 21, 2016) (unpublished).

Generally, "the contacts of a company are not attributed to a corporate agent for jurisdictional purposes." ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 177 (4th Cir. 2002). Rather, corporate officers are subject to personal jurisdiction only if they have "sufficient contacts" with the state, even if those contacts are made on behalf of the corporation. Id. Thus, if the allegations against a non-resident individual defendant rest on "nothing more than" that he is an "officer or employee," personal jurisdiction does not exist over the corporate officer. Columbia Briargate Co. v. First Nat'l Bank in Dall., 713 F.2d 1052, 1064 (4th Cir. 1983); see Thousand Oaks Barrel Co. v. Deep S. Barrels LLC, 241 F. Supp. 3d 708, 718 (E.D. Va. 2017) (holding that personal jurisdiction was not imputed to owners of a company simply because they were owners); Ibekwe v. Blood Oranges, LLC, No. 3:18-CV-89, 2018 WL 2434069, at *4 (W.D.N.C. May 30, 2018) (unpublished).

7

When the court decides a pretrial motion to dismiss for lack of personal jurisdiction without receiving evidence, a plaintiff need only make a prima facie showing of personal jurisdiction. See Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 226 (4th Cir. 2019); Sneha Media & Ent., LLC v. Associated Broad. Co., 911 F.3d 192, 196–97 (4th Cir. 2018); Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In doing so, the court construes all relevant jurisdictional allegations in the complaint in the light most favorable to the plaintiff and draws the most favorable inferences for the existence of jurisdiction. See Hawkins, 935 F.3d at 226; Mylan Lab'ys, 2 F.3d at 60. In that procedural posture, a plaintiff need not establish the existence of personal jurisdiction by a preponderance of the evidence. See Sneha Media & Ent., 911 F.3d at 196–97. If the court receives evidence concerning personal jurisdiction, a plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. See id. at 197; Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016).

Here, Shonuff Digital Media applied for a loan from Structured Financial, and Structured Financial accepted the application at its principal place of business in the Eastern District of North Carolina. See [D.E. 23] 8. The promissory note obligates Shonuff Digital Media to make payments to Structured Financial and identifies Structured Financial's principal place of business as the property "at 3434 Edwards Mill Road, Suite 112, Raleigh, North Carolina 24769." [D.E. 1-1] 1. Because William and Tamara Chavis personally guaranteed the loan, they each have sufficient contacts with North Carolina to render them subject to the exercise of personal jurisdiction. See [D.E. 1-3]; ePlus Tech., 313 F.3d at 177. The case arises from defendants' alleged breach of the promissory note and personal guaranty. Moreover, Structured Financial disbursed its funds from its accounts in its principal place of business in the Eastern District of North Carolina. See [D.E. 23] 2.

8

Defendants purposefully availed themselves of the privilege of conducting activities within the Eastern District of North Carolina (i.e., applying for, guaranteeing, and accepting a loan). Structured Financial's claims arise out of defendants' alleged breach of the loan agreement and William and Tamara Chavis's breach of their personal guaranty. Moreover, William and Tamara Chavis have failed to show that this litigation is "so gravely difficult and inconvenient" that defendants are "at a severe disadvantage in comparison to" Structured Financial. ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 392 (4th Cir. 2012) (quotations and alterations omitted); see Burger King, 471 U.S. at 478; Williams v. Sig Sauer, Inc., 679 F. Supp. 3d 441, 452 (E.D.N.C. 2023). Accordingly, the court has personal jurisdiction over William and Tamara Chavis.

IV.

In sum, the court DENIES William and Tamara Chavis's motion to dismiss [D.E. 13].

SO ORDERED. This 30 day of April, 2025.

JAMES C. DEVER III
United States District Judge

9

Case 5:24-cv-00687-D-BM    Document 36    Filed 04/30/25    Page 9 of 9